# Syllabus

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kimberly K. Muschong

PEOPLE v HESS

Docket No. 167895. Argued March 11, 2026 (Calendar No. 1). Decided July 6, 2026.

Danielle Heaven-Leah Hess pleaded guilty in the 64B District Court to one count of third-degree retail fraud, MCL 750.356d(4), after she stole clothing from Meijer. The district court, Adam Eggleston, J., sentenced defendant to serve 12 months' probation under the Holmes Youthful Trainee Act (HYTA), MCL 762.11. The probation order prohibited defendant from using or possessing marijuana but did not provide a reason for imposing that prohibition. While on probation, defendant tested positive for marijuana, and she pleaded guilty to a probation-violation charge. Thereafter, defendant tested positive for marijuana and was once again charged with a probation violation. Defendant moved the district court to amend the terms of her probation to allow her to use and possess marijuana in a manner compliant with the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*., to vacate her first violation, and to dismiss her second violation. Defendant argued that the MRTMA barred courts from prohibiting probationers from engaging in MRTMA-compliant marijuana use. The district court rejected defendant's argument, denied her motion to amend her probation conditions, found her guilty of a probation violation, revoked her HYTA status, and sentenced her to serve 10 days in jail. The Montcalm Circuit Court, Suzanne Hoseth Kreeger, J., stayed the jail sentence pending appeal but otherwise affirmed the district court's judgment. Defendant appealed, and the Court of Appeals, SWARTZLE, P.J., and REDFORD and FEENEY, JJ., affirmed. ___ Mich App ___ (October 24, 2024) (Docket No. 366148). The Court of Appeals held that because MCL 771.3(1)(a) of the probation act, MCL 771.1 *et seq*., prohibits probationers from violating federal law, and because recreational marijuana use is illegal under the federal Controlled Substances Act (CSA), 21 USC 801 *et seq*., the probation act allows—and arguably requires—sentencing courts to prohibit MRTMA-compliant marijuana use as a probation condition. Defendant sought leave to appeal in the Supreme Court, and the Supreme Court granted the application. ___ Mich ___; 19 NW3d 324 (2025).

In a unanimous opinion by Justice WELCH, the Supreme Court *held*:

A trial court may not prohibit MRTMA-compliant marijuana use as a probation condition solely because such use violates federal law. The Court of Appeals failed to apply the preemption principles elucidated in *Ter Beek v City of Wyoming*, 495 Mich 1 (2014), that make clear that federal law barring recreational marijuana use does not preempt the MRTMA. Furthermore, the

probation act is inconsistent with the MRTMA to the extent it incorporates federal marijuana prohibitions.

1. The CSA does not preempt MCL 333.27955(1) of the MRTMA. *Ter Beek*, which held that the CSA's ban on marijuana use did not preempt the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*., informed the interpretation of the MRTMA. The MMMA authorizes qualified patients to possess and use, and registered caregivers to cultivate and possess, marijuana for medicinal purposes. The MRTMA legalized nonmedical marijuana use. Voters approved the MMMA in 2008, and they approved the MRTMA in 2018. These acts share many textual similarities, and the reasoning applied in *Ter Beek* with respect to the MMMA applies equally to the MRTMA. In conducting the preemption analysis, the relevant inquiry is whether there is a positive conflict between the two statutes such that they cannot consistently stand together. 21 USC 844(a) of the CSA prohibits recreational marijuana use. MCL 333.27955(1) of the MRTMA provides Michiganders with *state-law* immunity from arrest, prosecution, or penalty in any manner for MRTMA-compliant acts; this immunity does not purport to prohibit federal criminalization of, or punishment for, that conduct. Furthermore, the MRTMA does not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of the CSA because the state-law immunity that the MRTMA provides does not purport to alter the CSA's federal criminalization of marijuana or to interfere with or undermine federal enforcement of that prohibition. Accordingly, there is no positive conflict between the CSA and MCL 333.27955(1) of the MRTMA such that the two cannot consistently stand together.

2. The probation act is inconsistent with the MRTMA to the extent it incorporates federal marijuana prohibitions. MCL 771.3(1)(a) of the probation act prohibits probationers from violating federal law, and 21 USC 844(a) of the CSA prohibits recreational marijuana use. The probation act is a state law, and MCL 333.27954(5) of the MRTMA provides that all state laws inconsistent with the MRTMA do not apply to conduct that is permitted by the MRTMA. Accordingly, insofar as the probation act is inconsistent with the MRTMA, the MRTMA controls. MCL 333.27952 provides, in pertinent part, that the intent of the MRTMA is to prevent arrest and penalty for MRTMA-compliant marijuana use; MCL 333.27952 further instructs courts that to the fullest extent possible, the MRTMA shall be interpreted in accordance with this stated intent. Accordingly, the probation act's absolute bar on MRTMA-compliant marijuana use because it violates federal law is inconsistent with the MRTMA's stated intent as well as its express dictates. A trial court may not prohibit MRTMA-compliant marijuana use as a probation condition solely because such use violates federal law.

Court of Appeals' judgment reversed. Case remanded to the trial court to reconsider defendant's motion to amend the terms of her probation, to vacate her first violation, and to dismiss her second violation.

# OPINION

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED July 6, 2026

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                 No. 167895

DANIELLE HEAVEN-LEAH HESS,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

WELCH, J.

This case concerns the relationship between the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq.*, and the probation act, MCL 771.1 *et seq.* Enacted by voters in 2018, the MRTMA broadly permits adults who are 21 years of age and older to use, purchase, transport, and possess marijuana.[1]  See MCL 333.27955.

---

[1] The MRTMA and the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, "use[] the variant 'marihuana.'  Throughout this opinion, we use the vernacular 'marijuana' unless quoting from the statute." *People v Hartwick*, 498 Mich 192, 198 n 2; 870 NW2d 37 (2015).  The MRTMA regulates marijuana use, purchase, transport, and

For its part, the probation act permits courts to craft conditions with which criminal defendants must comply in exchange for the opportunity to serve part or all of their sentences under the supervision of a probation officer. MCL 771.1(1); MCL 771.3.

In this case, the Court of Appeals held that because the probation act prohibits probationers from violating federal law, and because recreational marijuana use remains illegal under federal law, the probation act allows—and arguably requires—sentencing courts to prohibit MRTMA-compliant marijuana use as a probation condition. That holding conflicts with the MRTMA's plain text as well as with our opinion in *Ter Beek v City of Wyoming*, 495 Mich 1; 846 NW2d 531 (2014). The MRTMA provides that MRTMA-compliant use of marijuana shall not be grounds for arrest, prosecution, penalty, search, or the denial of any right or privilege. MCL 333.27955(1). And when the MRTMA conflicts with state laws—including the probation act—the MRTMA controls. See MCL 333.27954(5) ("All other laws inconsistent with this act do not apply to conduct that is permitted by this act.").

Rather than looking to state law, the Court of Appeals incorrectly deferred to the federal bar on marijuana use. In so doing, the panel failed to apply the preemption principles we elucidated in *Ter Beek*. Those principles make clear that federal law barring recreational marijuana use does not preempt the MRTMA. We therefore reverse the Court of Appeals' judgment and hold that a trial court may not prohibit MRTMA-compliant marijuana use as a probation condition *solely* because such use violates federal law.

---

possession. See MCL 333.27955. For clarity, we refer to marijuana use, purchase, transport, and possession that complies with the MRTMA as "MRTMA-compliant marijuana use."

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Danielle Heaven-Leah Hess pleaded guilty to one count of third-degree retail fraud, MCL 750.356d(4), after she stole clothing from Meijer. As a result, the district court sentenced her to serve 12 months' probation under the Holmes Youthful Trainee Act (HYTA), MCL 762.11. The probation order prohibited defendant from using or possessing marijuana. The trial court did not provide a reason for imposing that prohibition.

While on probation, defendant tested positive for marijuana and, as a result, pleaded guilty to a probation-violation charge. Thereafter, defendant tested positive for marijuana and was once again charged with a probation violation.[2] Following that second charge, defendant moved the district court to amend the terms of her probation to allow her to use and possess marijuana in a manner compliant with the MRTMA, to vacate her first violation, and to dismiss her second violation. To support her motion, defendant argued that the MRTMA barred courts from prohibiting probationers from engaging in MRTMA-compliant marijuana use. The district court rejected defendant's argument, denied her motion to amend her probation conditions, found her guilty of a probation violation, revoked her HYTA status, and sentenced her to serve 10 days in jail. The circuit court stayed the jail sentence pending appeal but affirmed the district court's judgment.

The Court of Appeals affirmed in a published per curiam opinion. *People v Hess*, ___ Mich App ___; ___ NW3d ___ (October 24, 2024) (Docket No. 366148). The panel framed the issue as "whether it is permissible to proscribe the use of marijuana as a condition of probation for nonmarijuana-related crimes." *Id*. at ___; slip op at 5. The panel

---

[2] The results of the second drug test indicated that defendant tested positive for a very small amount of marijuana.

then affirmed the lawfulness of such probation conditions. To support its holding, the panel explained that, as an initial mater, the probation act provides that a " 'sentence of probation *must*' " prohibit probationers from violating " 'any criminal law of this state, the *United States*, or another state or any ordinance of any municipality in this state or another state.' " *Id*. at ___; slip op at 5-6, quoting MCL 771.3(1)(a) (emphasis in *Hess*). Next, the panel held that because the federal Controlled Substances Act (CSA), 21 USC 801 *et seq*., criminalizes recreational marijuana use,[3] the district court must prohibit probationers from using marijuana. Based upon this reasoning, the Court of Appeals determined that the district court did not abuse its discretion by prohibiting defendant from using marijuana as a condition of her probation. Defendant then applied to this Court for leave to appeal.

We granted defendant's application for leave to appeal, and we directed the clerk to schedule the oral argument. Our order directed the parties to address:

---

[3] When this case appeared before the lower courts, the federal government classified marijuana as a Schedule I controlled substance under the CSA. See 21 USC 812(c), Schedule I, (c)(10). In April 2026, however, the United States Department of Justice ordered that "FDA-approved drug products containing marijuana" and "marijuana in any form covered by a state medical marijuana license" be reclassified as Schedule III controlled substances. United States Department of Justice, AG Order No. 6754-2026, effective April 28, 2026; see 21 CFR 1300, 1301, 1308, and 1312 (2026); 91 Fed Reg 22714, 22716 (April 28, 2026).

The CSA provides that it is unlawful to manufacture, distribute, dispense, or possess Schedule I controlled substances for any purpose not associated with government-approved research projects. See *United States v Oakland Cannabis Buyers' Coop*, 532 US 483, 489-490; 121 S Ct 1711; 149 L Ed 2d 722 (2001). By contrast, the CSA recognizes that Schedule III controlled substances have accepted medical uses. 21 USC 812(b)(3)(B).

For reasons that will become clear in this opinion, the federal government's reclassification does not affect our analysis.

4

(1) whether MCL 771.3(1)(a), which makes it a mandatory condition of probation that "the probationer shall not violate any criminal law of . . . the United States," requires trial courts to bar probationers from engaging in marijuana use that is otherwise permitted by the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*.; and (2) if not, whether and under what circumstances a trial court may prohibit MRTMA-compliant marijuana use as a discretionary condition of probation under MCL 771.3(3). [*People v Hess*, ___ Mich ___, ___; 19 NW3d 324, 324-325 (2025).][4]

## II. STANDARD OF REVIEW

The Court reviews for an abuse of discretion a trial court's decision to set probation conditions, *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2009), as well as its decision to revoke probation, *People v Breeding*, 284 Mich App 471, 479; 772 NW2d 810 (2009). "A trial court abuses its discretion when it 'makes a decision that falls outside the range of reasonable and principled outcomes or makes an error of law.' " *People v Robinson*, ___ Mich ___, ___; ___ NW3d ___ (February 4, 2026) (Docket No. 167595); slip op at 3-4, quoting *People v Christian*, 510 Mich 52, 75; 987 NW2d 29 (2022).

---

[4] We also granted leave to appeal in *People v Lopez-Hernandez*, ___ Mich ___, ___; 19 NW3d 328, 328-329 (2025), vacated ___ Mich ___; 26 NW3d 828 (2025), and directed the clerk to schedule oral argument in that case alongside this one. Our grant orders in both cases directed the parties to address the same issues. In *Lopez-Hernandez*, the Court of Appeals upheld a probation condition prohibiting recreational marijuana use for a defendant who pleaded guilty to operating a vehicle while visibly impaired, MCL 257.625(3), and admitted to being under the influence of marijuana when he committed the offense. *People v Lopez-Hernandez*, ___ Mich App ___, ___; ___ NW3d ___ (July 11, 2024) (Docket No. 367731); slip op at 1. The Court of Appeals held that because this offense involved marijuana use that did not comply with the MRTMA, the MRTMA did not shield the defendant from penalty. *Id*. at ___; slip op at 4. The panel then concluded that the probation condition was rationally related to the underlying offense. *Id*. at ___; slip op at 5. Months after we granted leave to appeal in *Lopez-Hernandez*, Lopez-Hernandez's attorney became unable to reach Lopez-Hernandez. For that reason, we vacated our order granting Lopez-Hernandez's application for leave to appeal and placed his case in abeyance pending our decision in this case. *People v Lopez-Hernandez*, ___ Mich ___; 26 NW3d 828 (2025).

We review de novo questions of law, including questions of statutory interpretation. *People v Kolanek*, 491 Mich 382, 393; 817 NW2d 528 (2012). Because voters enacted the MRTMA through the initiative process, when interpreting the MRTMA, we strive to determine the electorate's intent. *People v Hartwick*, 498 Mich 192, 209-210; 870 NW2d 37 (2015). To do so, we consider "the plain language of the statute, which provides 'the most reliable evidence' of the electors' intent." *Id.* at 210, quoting *Michigan v McQueen*, 493 Mich 135, 147; 828 NW2d 644 (2013). We also "place 'special emphasis on the duty of judicial restraint,' " making "no judgment as to the wisdom" of the voter-enacted law. *Hartwick*, 498 Mich at 210, quoting *Schmidt v Dep't of Ed*, 441 Mich 236, 241-242; 490 NW2d 584 (1992). "To that end, we do not attempt to limit or extend the statute's words." *Hartwick*, 498 Mich at 210.

### III. LEGAL BACKGROUND

Resolving this case requires us to consider the interplay among the MRTMA, the federal CSA, and the probation act. To consider that interplay, we will examine those three statutes, as well as our caselaw analyzing the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. Voters approved the MMMA in 2008, and they approved the MRTMA in 2018. Both acts regulate marijuana, and they share many textual similarities. We " 'regard all statutes upon the same general subject-matter as part of one system . . . .' " *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642, 652; 852 NW2d 865 (2014) (opinion by VIVIANO, J.), quoting *Rathbun v Michigan*, 284 Mich 521, 544; 280 NW 35 (1938). For that reason, cases interpreting and applying the MMMA can help inform our interpretation of the MRTMA. The most relevant of those cases is *Ter Beek*,

6

495 Mich 1, which held that the federal CSA's ban on marijuana use did not preempt the MMMA.

## A.  THE MMMA AND THE MRTMA

The MMMA authorizes "qualified patients to possess and use, and registered caregivers to cultivate and possess, marijuana for medicinal purposes."  *People v Armstrong*, ___ Mich ___, ___; ___ NW3d ___ (as amended by order entered June 3, 2025) (Docket No. 165233); slip op at 9.  For its part, the MRTMA legalized nonmedical marijuana use.[5]  *Id*. at ___; slip op at 10.  The MRTMA describes its intent as follows:

> The purpose of this act is to make marihuana legal under state and local law for adults 21 years of age or older, to make industrial hemp legal under state and local law, and to control the commercial production and distribution of marihuana under a system that licenses, regulates, and taxes the businesses involved.  *The intent is to prevent arrest and penalty for personal possession* and cultivation of marihuana by adults 21 years of age or older; remove the commercial production and distribution of marihuana from the illicit market; prevent revenue generated from commerce in marihuana from going to criminal enterprises or gangs; prevent the distribution of marihuana to persons under 21 years of age; prevent the diversion of marihuana to illicit markets; ensure the safety of marihuana and marihuana-infused products; and ensure security of marihuana establishments.  [MCL 333.27952 (emphasis added).]

Beyond stating the MRTMA's intent, MCL 333.27952 instructs courts that "[t]o the *fullest extent possible*, this act shall be interpreted in accordance with the purpose and intent set forth in this section."  (Emphasis added.)

---

[5] Although "[t]he general intent of the MRTMA is to decriminalize the use and possession of marijuana in the state of Michigan," *Armstrong*, ___ Mich at ___; slip op at 10 (citation omitted), the MRTMA is clear that "marijuana possession and use are not legal for all people under all circumstances," *id*. at ___; slip op at 12.

7

The MMMA and the MRTMA have much in common. Significantly, the statutes have similar and sweeping immunity provisions. Section 4(a) of the MMMA provides:

> A qualifying patient who has been issued and possesses a registry identification card is not subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including, but not limited to, civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marihuana in accordance with this act . . . . [MCL 333.26424(a).]

For its part, § 5(1) of the MRTMA provides:

> Notwithstanding any other law or provision of this act, and except as otherwise provided in section 4 [which concerns unauthorized activities] of this act, [MRTMA-compliant acts] are not unlawful, are not an offense, are not grounds for seizing or forfeiting property, are not grounds for arrest, prosecution, or penalty in any manner, are not grounds for search or inspection, and are not grounds to deny any other right or privilege[.] [MCL 333.27955(1).]

The MMMA and the MRTMA also have similar provisions concerning conflicts with existing state law. The MMMA provides that "[a]ll other acts and parts of acts inconsistent with [the MMMA] do not apply to" MMMA-compliant medical marijuana use. MCL 333.26427(e). And the MRTMA provides that all laws "inconsistent with" the MRTMA "do not apply to conduct that is permitted by this act." MCL 333.27954(5).

### B. THE CSA

The federal CSA provides that, except as otherwise authorized in the statute, "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . ." 21 USC 844(a). It is undisputed that recreational marijuana use—the type of use at issue in this case—violated the CSA at all relevant times of this case's history.[6]

---

[6] As discussed earlier, marijuana was a Schedule I controlled substance under the CSA when this case was before the lower courts. As of this writing, FDA-approved marijuana

C. *TER BEEK*

The plaintiff in *Ter Beek* lived in the city of Wyoming, where he wanted to grow and use medical marijuana in his home as permitted by the MMMA. *Ter Beek*, 495 Mich at 6. The city, however, had a zoning ordinance that prohibited land uses that conflicted with federal law. *Id*. At that time, the federal government classified marijuana as a Schedule I controlled substance. *Id*. at 9, citing 21 USC 812(c), Schedule I, (c)(10). Accordingly, the CSA and the Wyoming zoning ordinance at issue prohibited all marijuana use, possession, and cultivation not associated with government-approved research, even when such activity complied with the MMMA. See *United States v Oakland Cannabis Buyers' Coop*, 532 US 483, 489-490; 121 S Ct 1711; 149 L Ed 2d 722 (2001); *Ter Beek*, 495 Mich at 6. Ter Beek sued the city and sought to strike down the ordinance as conflicting with the MMMA. The city defended its zoning ordinance by arguing that the CSA preempted the MMMA. *Ter Beek*, 495 Mich at 10.

Despite the apparent tension between the CSA and § 4(a) of the MMMA, we held that the CSA does not preempt § 4(a) of the MMMA. *Id*. at 5. We explained that the MMMA provides individuals with "a limited *state-law* immunity from 'arrest, prosecution, or penalty in any manner'—an immunity that does not purport to prohibit federal criminalization of, or punishment for, that conduct." *Id*. at 12-13, quoting MCL 333.26424(a) and citing MCL 333.26427(a); MCL 333.26422. Accordingly, we concluded that

---

drug products and state-licensed medical marijuana are Schedule III controlled substances. Recreational marijuana use remains illegal under the CSA.

9

there is no "positive conflict" between the CSA and § 4(a) of the MMMA such that the two "cannot consistently stand together," 21 USC 903: it is not impossible to comply with both the CSA's federal prohibition of marijuana and § 4(a)'s limited state-law immunity for certain medical marijuana use, and § 4(a) does not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of the CSA. As such, the CSA does not preempt § 4(a) of the MMMA. [*Id*. at 19 (citation omitted).]

Until today, we have not had the opportunity to consider whether our reasoning in *Ter Beek* extends to the interaction between the CSA and § 5(1) of the MRTMA.

## D. THE PROBATION ACT

The probation act provides:

> In all prosecutions for felonies, misdemeanors, or ordinance violations other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, or major controlled substance offenses, if the defendant has been found guilty upon verdict or plea and the court determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer. [MCL 771.1(1).]

The act provides a list of probation conditions that trial courts must impose, see MCL 771.3(1), as well as a list of conditions that trial courts may impose at their discretion, see MCL 771.3(2). Beyond those lists, the act also explains that trial courts "may impose other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper." MCL 771.3(3).

MCL 771.3(11) provides that discretionary conditions "must be individually tailored to the probationer, must specifically address the assessed risks and needs of the probationer, must be designed to reduce recidivism, and must be adjusted if the court determines adjustments are appropriate." When imposing discretionary probation

10

conditions, moreover, the trial court's exercise of its discretion "must be guided by what is lawfully and logically related to the defendant's rehabilitation." *People v Houston*, 237 Mich App 707, 719; 604 NW2d 706 (1999), citing *People v Gonyo*, 173 Mich App 716, 718; 434 NW2d 223 (1988).

"Probation is a matter of grace, not of right, and the trial court has broad discretion in determining the conditions to impose as part of probation." *Breeding*, 284 Mich App at 479-480. But that discretion is tempered by the statutory requirement that trial courts tailor individualized probation conditions to the probationer's assessed risks and needs. See MCL 771.3(11).

In *People v Graber*, 128 Mich App 185, 188, 192-193; 339 NW2d 866 (1983), for example, the Court of Appeals affirmed a probation condition prohibiting the defendant from being "in the company of" his wife "without the permission of the Probation Office," despite the fact that such a condition would normally be unlawful. The panel explained that "[t]he record establishes that the condition was added as a direct result of [the] defendant's wife's communication with the probation department" and that it was "apparent that there were serious difficulties in the marriage relationship, that [the] defendant's wife felt threatened by him, and that she sought the aid of the court to protect her from him." *Id*. at 192. In light of the fact that the condition was not a "blanket proscription against [the] defendant's association with his wife" and the fact that the trial court imposed the condition in response to the defendant's assessed risk, the Court of Appeals upheld the condition. *Id*. at 192-193.

In *Houston*, 237 Mich App at 708, by contrast, the Court of Appeals vacated the defendant's sentence because of a probation condition requiring the defendant to pay a

$25,000 "fine" to reimburse the state for the cost of his incarceration in a related case. The panel reasoned that neither the probation act nor any other statute concerning reimbursement orders authorized the trial court to charge the defendant for the purpose of reimbursing the state for the cost of his incarceration. *Id*. at 718-719. Accordingly, the panel held, the condition was unlawful. *Id*. at 720.

Taken together, *Graber* and *Houston* stand for the proposition that although a sentencing court has broad discretion in crafting probation conditions, that discretion is still tempered by the probation act's express limitations as well as the effect other laws might have on the probation act.

## IV. APPLICATION

The Court of Appeals incorrectly held that prohibiting MRTMA-compliant marijuana use was a mandatory condition of probation. The reasoning we applied in *Ter Beek* with respect to the MMMA applies equally to the MRTMA. As a result, the CSA cannot preempt the MRTMA. For that reason, we must reverse. Whether a court can restrict a probationer's marijuana use as a discretionary, individually tailored probation condition is a question we do not answer because the Court of Appeals in this case never reached the issue.

### A. *TER BEEK* APPLIES TO THE MRTMA

Before we apply the aforementioned legal principles to this case, we must first address the Court of Appeals' holding here, which effectively makes the prohibition on marijuana use a mandatory condition of probation in all cases. Specifically, the panel framed the issue as "whether it is *permissible* to proscribe the use of marijuana as a

12

condition of probation for nonmarijuana-related crimes." *Hess*, ___ Mich App at ___; slip op at 5 (emphasis added). But the panel's decision appears to render such conditions *mandatory*. Recall that the panel concluded that because the probation act prohibits probationers from violating federal law and because recreational marijuana use violated federal law, defendant's probation conditions were lawful. If the panel's reasoning were correct, then *all probation sentences* would necessarily prohibit MRTMA-compliant recreational marijuana use.[7] Otherwise, such sentences would run afoul of the probation act's proscription against probationers' violating federal law. See MCL 771.3(1)(a).

The panel's reasoning would have merit—and defendant's argument that the MRTMA supersedes the probation act would fail—if the CSA preempted § 5(1) of the MRTMA. To determine whether the CSA preempts the MRTMA, we find *Ter Beek* particularly instructive. As discussed earlier, *Ter Beek* held that the CSA does not preempt § 4(a) of the MMMA. *Ter Beek*, 495 Mich at 19. *Ter Beek* is relevant to this case because, as noted, the MMMA and the MRTMA concern similar subject matter, see *Int'l Business Machines Corp*, 496 Mich at 652 (opinion by VIVIANO, J.), and because § 5(1) of the MRTMA is very similar to § 4(a) of the MMMA. We see no reason to treat the statutes differently, and we therefore apply the preemption test set forth in *Ter Beek* to the CSA and the MRTMA.

In conducting our preemption analysis, "the relevant inquiry is whether there is a 'positive conflict' between the two statutes such that they 'cannot consistently stand

---

[7] Because state-licensed medical marijuana is now a Schedule III controlled substance, the Court of Appeals' logic would likely not apply to MMMA-compliant medical marijuana use. See 21 USC 812(b)(3)(B).

13

together.' " *Id*. at 11, quoting 21 USC 903. Our reasoning in *Ter Beek* applies squarely to the MRTMA. First, like § 4(a) of the MMMA, § 5(1) of the MRTMA provides Michiganders with "*state-law* immunity from 'arrest, prosecution, or penalty in any manner'—an immunity that does not purport to prohibit federal criminalization of, or punishment for, that conduct." *Id*. at 12-13, quoting MCL 333.26424(a). See MCL 333.27955(1)(a). Second, like the MMMA, the MRTMA "does not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of the CSA," *id*. at 14, because the state-law immunity that the MRTMA provides "does not purport to alter the CSA's federal criminalization of marijuana, or to interfere with or undermine federal enforcement of that prohibition," *id*. at 16. For those two reasons, as *Ter Beek* held with respect to the MMMA, we hold that "there is no 'positive conflict' between the CSA and" § 5(1) of the MRTMA "such that the two 'cannot consistently stand together[.]' " *Id*. at 19, quoting 21 USC 903. The CSA therefore does not preempt § 5(1) of the MRTMA.

## B. THE PROBATION ACT CONFLICTS WITH THE MRTMA

The MRTMA provides that all state laws "inconsistent with this act do not apply to conduct that is permitted by this act." MCL 333.27954(5). Thus, having concluded that the CSA does not preempt § 5(1) of the MRTMA, we must next consider whether the probation act is "inconsistent with" the MRTMA. *Id*. Cf. *People v Koon*, 494 Mich 1, 8-9; 832 NW2d 724 (2013) (holding that insofar as the MMMA conflicts with a Michigan Vehicle Code provision, MCL 257.625(8), the MMMA controls). We hold that the probation act is inconsistent with the MRTMA to the extent it incorporates federal marijuana prohibitions.

14

The probation act prohibits probationers from violating federal law. MCL 771.3(1)(a). And recreational marijuana use remains unlawful under the CSA. See 21 USC 812(b)(3)(B); 91 Fed Reg 22714, 22716 (April 28, 2026). Thus, the Court of Appeals correctly determined that the probation act—standing alone—bars probationers from engaging in MRTMA-compliant marijuana use. But the probation act is a state law. And the Court of Appeals erred by failing to account for the fact that, insofar as a state law is "inconsistent with" the MRTMA, the MRTMA controls. MCL 333.27954(5). Cf. *Koon*, 494 Mich at 8-9.

Among the MRTMA's intentions was a desire "to prevent arrest and *penalty* for personal possession and cultivation of marihuana by adults 21 years of age or older[.]" MCL 333.27952 (emphasis added). And § 5(1) provides that except as otherwise provided by the MRTMA, the acts of "possessing, using or consuming, internally possessing, purchasing, transporting, or processing 2.5 ounces or less of marihuana" shall not be "grounds for arrest, prosecution, or *penalty* in any manner," nor shall these acts be "grounds for *search* or inspection . . . [or] grounds to deny any other right or *privilege*[.]" MCL 333.27955(1)(a) (emphasis added). The probation act's absolute bar on MRTMA-compliant marijuana use is inconsistent with the MRTMA's stated intent as well as its express dictates. That conclusion is strengthened by the MRTMA's admonishment that we interpret the act "in accordance with the purpose and intent set forth" in MCL 333.27952, which includes the stated goal of preventing "arrest and *penalty*" for MRTMA-compliant marijuana use. MCL 333.27952 (emphasis added).

In sum, the probation act is inconsistent with the MRTMA insofar as it automatically bars probationers from MRTMA-compliant marijuana use based on the

CSA. And in light of the MRTMA's provision on conflicts of law, where the MRTMA and the probation act conflict, the MRTMA controls. We therefore reverse the judgment of the Court of Appeals affirming the challenged probation condition on the basis that the CSA prohibits recreational marijuana use. Courts may not impose probation conditions barring MRTMA-compliant marijuana use solely because such use violates the CSA.

## C. MARIJUANA-RELATED PROBATION CONDITIONS

Although we hold that the CSA cannot be the sole basis for prohibiting marijuana use as a probation condition, we leave unanswered the second question we asked in our order granting defendant's application for leave to appeal: "whether and under what circumstances a trial court may prohibit MRTMA-compliant marijuana use as a discretionary condition of probation under MCL 771.3(3)." *Hess*, ___ Mich at ___; 19 NW3d at 324-325. Because the Court of Appeals resolved this case by concluding that the CSA required the prohibition of marijuana use as a probation condition, it never reached that question. We therefore leave the issue for another day.[8] Instead, we hold simply that

---

[8] The Court of Appeals did address this question in *Lopez-Hernandez*, where the defendant's conviction arose from non-MRTMA-compliant marijuana use. But because we vacated our order granting defendant's application for leave to appeal in *Lopez-Hernandez*, the question of whether and when a trial court may prohibit MRTMA-compliant marijuana use as a discretionary probation condition is not currently before us.

Relatedly, the Court of Appeals in this case spent time grappling with *People v Thue*, 336 Mich App 35; 969 NW2d 346 (2021). *Thue* held "that provisions of Michigan's probation act that allow a court to prohibit a probationer's MMMA-compliant use of marijuana impermissibly conflict with" the MMMA. *Id*. at 46. *Thue* further held that "the revocation of probation because of MMMA-compliant use of marijuana constitutes a 'penalty' in violation of MCL 333.26424(a) of the MMMA." *Id*. at 47. Those holdings appear to constitute an absolute bar on a trial court's prohibiting MMMA-compliant marijuana use as a probation condition. See *id*.

16

trial courts may not prohibit MRTMA-compliant marijuana use as a probation condition solely because such use violates federal law.

## V. CONCLUSION

For the reasons set forth in this opinion, we reverse the judgment of the Court of Appeals. We hold that a trial court may not prohibit MRTMA-compliant marijuana use as a probation condition solely because such use violates federal law. We remand this matter to the trial court to reconsider, in a manner consistent with this opinion, defendant's motion to amend the terms of her probation, to vacate her first violation, and to dismiss her second violation. We do not retain jurisdiction.

> Elizabeth M. Welch
> Megan K. Cavanagh
> Brian K. Zahra
> Richard H. Bernstein
> Kyra H. Bolden
> Kimberly A. Thomas
> Noah P. Hood

---

Because the issue is not before us, however, we decline to address whether *Thue* stands for the proposition that there are no circumstances under which a trial court may limit a probationer's MMMA-compliant marijuana use and, if so, whether that holding is correct and whether it would also apply to MRTMA-compliant marijuana use.

17